# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **CHERELL LINDO-CLARK,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 3:21-cv-0051 |
| **P3S CORPORATION,** | ) |
| **Defendant.** | ) |

## ORDER

**BEFORE THE COURT** is Defendant P3S Corporation's ("P3S") Motion for Summary Judgment, filed on January 7, 2022. (ECF No. 32.) Plaintiff filed a response on February 4, 2022, ECF No. 39, to which P3S filed a reply on February 18, 2022. (ECF No. 42.) For the reasons stated below, the Court will deny the motion.

On June 17, 2021, Plaintiff Cherell Lindo-Clark ("Lindo-Clark") filed the instant complaint in this matter alleging that her former employer, P3S, wrongfully terminated her employment in violation of the Virgin Islands Wrongful Discharge Act ("WDA"), Title 24 V.I.C. §§ 76-79. *See* (ECF No. 1 at 10.) P3S disagrees any unlawful employment acts were committed, and contends that Lindo-Clark's termination was justified because under § 76(a) of the WDA, an employer may dismiss an employee:

> (1) who performs his work assignments in a negligent manner;
> (2) who willfully and intentionally disobeys reasonable and lawful rules, orders, and instructions of the employer;
> (3) whose insolent or offensive behavior conduct toward a customer of the employer injures the employer's business; and
> (4) who is incompetent or inefficient, thereby impairing his usefulness to his employer. *See* (ECF No. 33.)

P3S now moves to have summary judgment granted on Lindo-Clark's single claim complaint for wrongful discharge. *See* (ECF Nos. 7, 32.)

A party may move for summary judgment at any time until thirty days after the close of all discovery, and the court shall grant the same if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Because the Court

finds that P3S has failed to meet its burden of demonstrating the absence of any genuine issue of material fact, the Court will deny the motion for summary judgment.[1]

Accordingly, it is hereby

**ORDERED** that P3S Corporation's motion for summary judgment, ECF No. 32, is **DENIED**.

**Dated:** September 27, 2022          /s/ *Robert A. Molloy*
                                                            **ROBERT A. MOLLOY**
                                                            **Chief Judge**

---

[1] There is at least one genuine material fact in dispute in this case. P3S asserts that Lindo-Clark was trained to report a potential epidemiological outbreak back to the Virgin Islands Department of Health, who has a separate division made up of epidemiology professional who would investigate any outbreak further. *See* (ECF Nos. 33 at 13 and 34 at 2.) Lindo-Clark disputes this assertion by offering an affidavit stating that she did not receive training on what to do "when an inspection revealed concerns that warranted an epidemiological or medical review" because she "had an excused absence from a portion of the training." (ECF Nos. 40 and 40-1.) Therefore, there exists a material dispute about whether Plaintiff's conduct was reasonable when she was directed to inspect the "[p]reschool for a potential outbreak of impetigo" (an infection that is generally identified by inspecting a person's skin) (ECF No. 33 at 6.) Defendant failed to offer sufficient admissible evidence to refute Plaintiff's assertion. Thus, Plaintiff's training is a genuine material question of fact that justifies denying the extraordinary remedy of summary judgment in this case.